UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA DE LA ROSA,<br><br>Plaintiff,<br><br>v.<br><br>CENTENNIAL REAL ESTATE MANAGEMENT, LLC, et al.,<br><br>Defendants. | Case No. 25-cv-02396-NC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: ECF 1 |

This Court orders Defendant Centennial Real Estate Management, LLC (hereinafter Centennial) to show cause why this case should not be remanded back to state court for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have subject matter jurisdiction through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). The removing party has the burden of establishing that removal is proper. *Lindley Contours LLC v. AAAB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011).

Here, Centennial alleges that this Court has diversity jurisdiction because Plaintiff is a citizen of California, Defendant Centennial has its principal place of business in Texas,

Defendant Windsor Fashions Holdings LLC is a Delaware limited liability company, and Defendant Northridge Mall is not listed in the California Secretary of State website. ECF 1 ¶¶ 5, 7–8. These allegations are deficient for two reasons.

First, Centennial failed to allege the citizenship of the owners/members of Centennial and Windsor, which are both LLCs. "[F]or the purposes of diversity . . . an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Second, Centennial failed to properly allege Northridge Mall's citizenship when it merely alleged that Northridge Mall was not listed on the California Secretary of State website. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (finding that a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties). Without information on the citizenship of Centennial and Windsor's owners/members or the citizenship of Northridge Mall, this Court cannot assess whether complete diversity exists.

Accordingly, Defendant Centennial must show cause in writing by March 25, 2025, why this case should not be remanded back to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated:  March 12, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

2